¶ 43 I concur in the majority's analysis and disposition of appellant's first and second assignments of error. I further concur with part of its analysis and its disposition of appellant's third assignment of error.
 {¶ 44} As to appellant's first assignment of error, I believe this Court's decision to overrule it is further supported by the fact appellant cannot show prejudice. Assuming, arguendo, the trial court erred in allowing appellee to recall the victim to clarify her testimony, the victim's previous testimony she and appellant engaged in "sexual intercourse" is sufficient to withstand appellant's Crim.R. 29 motion for acquittal, even without her subsequent elaboration of what sexual activity occurred between her and appellant.
 {¶ 45} As to appellant's third assignment of error, I would not premise my conclusion on the fact appellant's trial counsel's decisions regarding the scope of Ms. Cochran's direct examination or his decision not to call Mr. Marsh "could very well have been trial strategy." Maj. Op. at 7, para. 39. I note appellant's argument regarding what these two witnesses could have said is not in the record and is mere speculation. Nevertheless, I do agree with the majority appellant cannot demonstrate prejudice in this record because numerous other witnesses testified as to appellant's character and their failure to observe any improper conduct between appellant and the victim.